JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal by the State, under Crim.R. 12(K), of a pretrial ruling by Judge Joseph D. Russo that excluded evidence of a medical examination in its prosecution of Craig Hruby for rape and gross sexual imposition. The State contends that the physician would have testified that the victim's condition was consistent with sexual penetration, even though the alleged incident occurred eight years prior to the examination. Hruby counters that the testimony would be highly prejudicial. We affirm.
 {¶ 2} From the record we glean the following: Hurby, then thirty-eight years old, was indicted on one count of rape and sixty counts of gross sexual imposition involving the same female victim, all of which occurred between January 1992 and December 1996. The rape allegedly occurred between January 1992 and December 1993, when the victim was between five and seven years old. On April 11, 2002, Hruby filed a motion in limine to exclude evidence of a June 8, 2001 medical examination by W. David Gemmill, M.D. Trial proceedings began on May 7, 2002, and on May 9, 2002, just before he was called to testify as the State's first witness, the judge excluded the physician's testimony. The prosecutor certified that the ruling destroyed the chance of an effective prosecution.[1]
 {¶ 3} The State contends that it was an abuse of discretion to exclude expert testimony about the physical injuries observed during a medical examination. The judge excluded Dr. Gemmill's report and testimony under Evid.R. 403(A), which balances the evidence's probative value against its potential for unfair prejudice. During argument on the motion, the judge stated:
 {¶ 4} "I understand that argument. There are two distinct lines of argument I can see with regard to this. One is the length of time that has passed from the date of the last allegation, `93 to 2002. Okay. That is so far removed that I mean clearly the Court finds that this information is probative in nature, just as to whether or not it's prejudicial or whether it's relevant, I mean, because of the length of time that has passed."
 {¶ 5} The judge announced his decision the next day, stating:
 {¶ 6} "* * * [T]he doctor does not make a distinct connection between whatever allegedly happened between the defendant, may or may not have happened between the defendant and the victim and what he found, and also he does not say a torn, ripped hymen, he talks about a palpable, I'm sorry, distinct margin that was palpable and continuous and was looser than expected for a nonpenetrated hymen eight years removed from the last allegation of possible rape.
 {¶ 7} "So the Court finds that, and I understand your argument from yesterday, everything is prejudicial to the defendant. I understand that argument. But the Court finds that it's highly misleading. The Court finds that it's highly misleading because of the length of time that has passed and for the reasons raised by the defense in this case."
 {¶ 8} A judge has "broad discretion" to admit or exclude evidence under Evid.R. 403(A), and we will not reverse the ruling absent a "clear abuse" of that discretion.[2] This standard of review flows from the uniquely factual nature of the Evid.R. 403(A) determination, which must balance probative value against the risk of unfair prejudice in light of all the circumstances. "The issue of whether testimony is relevant or irrelevant, confusing or misleading, is best decided by the trial judge who is in a significantly better position to analyze the impact of the evidence on the jury."[3]
 {¶ 9} The State proffered Dr. Gemmill's written report of his June 11, 2001 examination of the victim, then fourteen years old, which stated that "the hymen had a distinct margin that was palpable and continuous and was looser than expected for an unpenetrated hymen." The prosecutor added that the doctor would testify that the condition of the hymen was "consistent" with the victim's report of penetration eight years earlier,[4] although Hruby countered that he expected the doctor to admit that there were multiple explanations for the condition. Although the victim reported that no other penetration had occurred in the intervening years, neither the report nor the prosecutor's proffer stated that Dr. Gemmill would opine that the condition of the hymen was the result of sexual abuse.
 {¶ 10} We agree that the proffered evidence satisfies Evid.R. 401, which states that evidence is relevant if it has "any tendency" to make the existence of any consequential fact more or less probable. The condition of the hymen, coupled with the report that no other penetration had occurred, made it more likely that the victim's allegations were true. However, the judge had a reasonable basis to conclude that the evidence was only minimally probative because the condition of a fourteen-year-old adolescent's hymen could be affected by numerous events other than penetration and there was no indication that the physician would testify that the evidence was particularly unique or that he observed any major insults.[5] Furthermore, the State did not dispute Hruby's argument that the doctor would admit that his observations were consistent with a number of other causes.
 {¶ 11} The judge concluded that the evidence's limited probative value was "substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."[6] There is a considerable risk that, in an emotionally charged trial, the jury would give the evidence of a medical expert too much weight in assessing the victim's credibility, and the judge considered this risk too great in light of the evidence's ambiguity when used for that purpose.[7]
Despite effective cross-examination, a jury could view Dr. Gemmill's evidence as being much more corroborative of the victim's allegations than it actually was, and could view the doctor's status as a State's witness as an authoritative confirmation of the victim's credibility.[8]
Moreover, the prosecutor's certification and filing of a Crim.R. 12(K) appeal indicates an admission of the strength of the evidence's unfairly prejudicial effect, as well as an admission that he sought that effect upon the jury.
 {¶ 12} Medical evidence of penetration is not necessary to sustain a rape conviction and, in cases where medical evidence does not support a victim's allegations, courts have found that the lack of corroboration does not render a guilty verdict against the manifest weight of the evidence.[9] Nevertheless, the prosecutor viewed the excluded evidence as so important he certified that the ruling "rendered the state's proof * * * so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."[10] The prosecutor made this certification even though the evidence, as proffered, had only a marginal tendency to make the rape allegation more likely. The certification suggests not only the prosecutor's recognition of the risk of unfair prejudice, but his desire to take advantage of it and his belief that Hruby could not be convicted without it.
 {¶ 13} The dissent apparently believes that the judge had a duty to request Dr. Gemmill's testimony, sua sponte, prior to ruling on Hruby's motion. This view ignores the fact that the State was in no way prevented from presenting Dr. Gemmill to testify in the offer of proof. Indeed, because he was scheduled to be the first witness at trial on the day of the judge's ruling, one can reasonably presume that Dr. Gemmill was available to make a personal appearance and that the prosecution was prepared to present all of his testimony and exhibits. The judge had no duty to aid the State in arguing its case for admissibility, and the dissent errs in speculating that the physician's testimony would have been other than that proffered.
 {¶ 14} The dissent also seems to believe that, because the evidence had some probative value, it should have been admitted without consideration of the danger of unfair prejudice. The very terms of Evid.R. 403(A), however, make the rule applicable only when the evidence at issue has some probative value because, absent probative value, it would be excluded under Evid.R. 402. Evidence that fails this balancing test should not be presented to the jury because Evid.R. 403(A) mandates exclusion upon the proper findings.
Finally, the dissent's suggestion that the judge should have admitted the evidence because Hruby could appeal the issue after conviction illustrates a disturbing view that seems all too common among the judiciary. A defendant's right to appeal is not an excuse for a judge to favor the prosecution in evidentiary rulings. The trial is still the "main event,"[11] and the trial judge is to be a neutral arbiter, ensuring fairness to both parties rather than favoring the State because of the defendant's greater right to appeal. Suggesting such a bias would effectively prevent a defendant from obtaining a fair trial because the judge would be compelled, regardless of his own opinion, to resolve all evidentiary questions in the State's favor, thus requiring the defendant to challenge them on appeal. The defendant would then be forced to show that the judge abused his discretion in making the rulings, even though the rulings themselves would no longer be a product of the judge's discretion.
 {¶ 15} The judge made reasonable findings that Dr. Gemmill's report and testimony had only limited probative value in determining whether a rape occurred and presented a risk of unfair prejudice that substantially outweighed that value because the jury might attach undue significance to the evidence as proof of the victim's credibility. On the record before us those findings were within the judge's discretion. The assignment of error is overruled.
Judgment affirmed.
PATRICIA A. BLACKMON, J., CONCURS, KENNETH A. ROCCO, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION.
[1] Crim.R. 12(K); State v. Malinovsky (1991), 60 Ohio St.3d 20,22-23, 573 N.E.2d 22.
[2] State v. Hanna, 95 Ohio St.3d 285, 290, 2002-Ohio-2221,767 N.E.2d 678, at ¶ 29.
[3] Columbus v. Taylor (1988), 39 Ohio St.3d 162, 164,529 N.E.2d 1382.
[4] Although Hruby challenges the adequacy of the State's proffer, a lawyer is allowed to summarize the expected content of a witness's testimony. See, e.g., State v. Brooks (1989), 44 Ohio St.3d 185, 195,542 N.E.2d 636 (lawyer failed to proffer because he did not explain expected testimony of absent witness).
[5] See, e.g., State v. Smith (Mar. 20, 1992), Lucas App. No. L-91-100 (medical expert testified that complete lack of hymen was not unusual for a twelve-year-old); Quartman v. Martin, Montgomery App. No. 18702, 2001-Ohio-1489 (expert testified that "thinning of the hymen associated with sexual development was to the point that it was unlikely that any observable scars or other physical indicia from acts of vaginal intercourse earlier in her sexual development would have survived to the date of the examination); cf. State v. Fleming (Aug. 4, 1999), Lorain App. No. 98CA007003 (no plain error found in admitting evidence where expert testified to tear in hymen and aided jury in understanding significance of its position).
[6] Evid.R. 403(A).
[7] See State v. Trent (1987), 320 N.C. 610, 614-615, 359 S.E.2d 463,465-466 (error in admitting evidence of examination conducted four years after event was prejudicial because it bolstered credibility of allegations).
[8] See State v. Price (1992), 80 Ohio App.3d 35, 42, 608 N.E.2d 818
(expert testimony had no purpose other than to bolster victim's credibility); State v. Daws (1994), 104 Ohio App.3d 448, 464,662 N.E.2d 805 (expert testimony always presents risk that it will "overawe the jury, causing it to forego independent analysis of the facts").
[9] State v. Carpenter (1989), 60 Ohio App.3d 104, 105,573 N.E.2d 1206.
[10] Crim.R. 12(K).
[11] Anderson v. Bessemer City (1985), 470 U.S. 564, 575,105 S.Ct. 1504, 84 L.Ed.2d 518.