THE STATE OF OHIO, APPELLEE, *v.* CARPENTER, APPELLANT.

(No. 89-CA-1—Decided September 26, 1989.)

*William M. Owens,* prosecuting attorney, for appellee.

*Norman S. Davitt,* county public defender, for appellant George B. Carpenter.

MILLIGAN, P.J. Following trial by jury in the Coshocton County Court of Common Pleas, the defendant-appellant was found guilty of two counts of gross sexual imposition, R.C. 2907.05 (A)(3), one count of rape with a specification of force, R.C. 2907.02(A)(2), and one count of rape, R.C. 2907.02 (A)(1)(b). Following sentence of life imprisonment, plus, defendant-appellant appeals assigning a single error:

"Assignment of Error

"The decision is against the manifest weight of the evidence."

A recitation of the bizarre and morbid sexual misconduct of the defendant as to two infant girls would accomplish nothing. The direct and dispositive issue raised by this appeal is:

Does the existence of an intact hymen in a youthful victim of a sexual assault preclude, as a matter of law, a finding that the offender is guilty of rape?

R.C. 2907.02 provides:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when either of the following apply:

"(a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug or intoxicant to the other person, surreptitiously or by force, threat of force, or deception.

"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of such person.

"(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

R.C. 2907.01 provides in part:

"(A) 'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

The youthful victim testified to a one-inch penetration that "hurt really bad." On the second occasion he "did the same thing that I told you." Upon cross-examination, the victim stated that "he tried to" put his penis inside her.

The medical doctor, called as an expert examining physician by the state, testified that: "Examination of the introitus showed some increased redness"; "The introitus is a vaginal opening within the labia, the lips of the vagina and the hymen"; "I have a statement; the hymen will allow only the tip of my little finger to enter. There is no laceration of the hymen."

We conclude that the finding by the jury that there was "[p]enetration, however slight," R.C. 2907.01(A), is supported by competent credible evidence. *State* v. *Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717.

The significance of our ruling is that the presence of an intact hymen does not preclude a finding by a jury, upon other competent evidence, that a rape has been committed. *State* v. *Bowling* (June 28, 1985), Sandusky App. No. S-84-29, unreported, at 8-10.

" 'In accordance with the overwhelming weight of authority that slight penetration is all that is necessary to constitute rape or statutory rape, the other elements of the crime being present, numerous courts have stated the rules that entry of the anterior of the female genital organ, known as the vulva or labia, is sufficient penetration to constitute rape although the vagina is intact and not penetrated in the least, and that it is not necessary that the hymen be ruptured, but that entry must be effected by the male sexual organ. * * *' " *State* v. *Harder* (Oct. 9, 1984), Marion App. No. 9-83-26, unreported, at 14, quoting Annotation, What Constitutes Penetration in Prosecution for Rape or Statutory Rape (1977), 76 A.L.R. 3d 163, 171.

The single assignment of error is overruled and the judgment of the

Coshocton County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HOFFMAN and SMART, JJ., concur.