JOURNAL ENTRY and OPINION
{¶ 1} A jury found appellant, Donald Falkenstein ("appellant"), guilty of 41 counts of rape of a child under the age of thirteen. Appellant now appeals his conviction. For the following reasons, however, we affirm appellant's conviction.
 {¶ 2} Appellant began engaging in sexual conduct with his daughter (the "victim") after appellant's second wife died. The victim testified that the first sexual encounter occurred when she was eight years old. Appellant grabbed her hand, placed it on his penis, and told her to move her hand up and down. The second sexual encounter, which occurred two days later, was similar to the first, except that appellant forced her to continue until he ejaculated and admitted to the victim that what he was doing to her was "not right." A couple of days later, appellant made the victim touch his penis again.
 {¶ 3} The sexual encounters quickly escalated to rape. Appellant entered the victim's bedroom at night and digitally masturbated her. Sometimes appellant would stop if the victim told him it hurt. Other times he would not stop. On at least five occasions, appellant put his mouth on and kissed the victim's vagina. On more than 10 occasions, appellant would take off his pants and the victim's pants, put lotion on his penis, and try to put his penis into her vagina. Because the victim would close her legs and tell appellant not to do that, appellant would only be able to put his penis on the outer part of the victim's vagina. On at least two occasions, appellant gave the victim beer before he tried to have sexual intercourse with her. Sometimes, appellant's third wife was home during the rapes.
 {¶ 4} The victim testified that the appellant would digitally masturbate her and place his mouth on and kiss her vagina more than once a week or put his penis on the outside of her vagina sometimes twice a day. In fact, the victim testified that only a week and a half would pass without appellant touching her sexually. The last time appellant tried to have sexual intercourse with her was in July 2002.
 {¶ 5} Appellant told the victim that she would be in trouble if she told anyone about the sexual encounters and, as a result, the victim did not disclose to anyone what her father had done to her. The Cuyahoga County Department of Children and Family Services investigated appellant in late July 2002 on another matter, removed the victim from appellant's home, and placed the victim in the temporary custody of her aunt. When the victim arrived at her house, her aunt noticed that the victim had a white discharge in her underwear and took her to the doctor for treatment. The victim was diagnosed with a yeast infection. At that time, the victim did not reveal the sexual encounters with the appellant because she did not want her father to go to jail. However, in the beginning of October 2002, the victim finally disclosed everything to her aunt, who then contacted the police and an investigation ensued.
 {¶ 6} Pursuant to the investigation, a nurse practitioner working in the Sex Abuse Clinic examined the victim and opined that, although many of the factors showing sexual abuse were not present, sexual abuse was a possibility. The nurse practitioner based her opinion on the fact that a yeast infection in a "prepubertal" child raises a red flag as a possibility of sexual abuse.
 {¶ 7} For his first assignment of error, appellant contends that the evidence was insufficient to sustain 41 convictions of rape. Specifically, the appellant asserts that while there was evidence that some sexual offenses occurred, not all the sexual offenses rise to the level of rape. Appellant's assertions, however, are not well-taken.
 {¶ 8} On review, a claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52, 678 N.E.2d 541; State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. In reviewing such a challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Scott, 101 Ohio St.3d 31,2004-Ohio-10, ¶ 31, 800 N.E.2d 1133, quoting State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 9} The essential elements of rape are defined in R.C.2907.02. R.C. 2907.02 provides in pertinent part:
 {¶ 10} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 11} "* * *
 {¶ 12} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 13} Sexual conduct is defined in R.C. 2907.01 as follows:
 {¶ 14} "(A) `Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 15} Here, there was evidence that appellant inserted his finger into the victim's vagina on multiple occasions, engaged in cunnilingus when he placed his mouth on and kissed the victim's vagina at least 5 times, and engaged in vaginal intercourse by placing his penis on the outside of the victim's vagina more than 10 times. Despite appellant's argument that he did not penetrate the victim when he placed his mouth on and kissed her vagina, "the law requires no further activity to constitute cunnilingus [under R.C. 2907.01(A)] beyond the placing of one's mouth on the female's vagina." State v. Bailey (1992), 78 Ohio App.3d 394,395, 604 N.E.2d 1366.
 {¶ 16} The law also is contrary to appellant's argument that he did not have vaginal intercourse because he did not penetrate the victim when he placed his penis on the outside of the victim's vagina. This court, as well as others, have consistently held that evidence of slight penetration, entering the vulva or labia, is sufficient to support a rape conviction. State v.Blankenship (Dec. 13, 2001), Cuyahoga App. 77900; see, e.g.,State v. Nivens (May 28, 1996), Franklin App. No. 95 APA09-1236; State v. Carpenter (1989), 60 Ohio App.3d 104, 105,573 N.E.2d 1206. Moreover, a victim's testimony concerning penetration does need not be corroborated by medical evidence. See Carpenter, 60 Ohio App.3d at 105 (the presence of an intact hymen does not preclude a finding by a jury, upon other competent evidence, that a rape has been committed). Here, there was sufficient evidence that could lead a rational trier of fact to conclude that appellant penetrated the victim by placing his penis on the outside of the victim's vagina.
 {¶ 17} Finally, appellant's argument that there was insufficient evidence to sustain a conviction of 41 counts of rape is incredulous in light of the evidence. As testified by the victim, only a week and a half would pass without appellant touching her sexually from February 2000, which is when appellant's second wife died, through July 2002. Appellant would digitally masturbate her and place his mouth on and kiss her vagina more than once a week, and place his penis on the outside of her vagina twice a day over a period of almost one and a half years. In looking at the evidence presented in the light most favorable to the state, there was sufficient evidence to lead a rational trier of fact to conclude that appellant raped the victim on at least 41 occasions. Thus, appellant's first assignment of error is overruled.
 {¶ 18} For his second assignment of error, appellant contends that the trial court erred by amending the indictment to conform to the evidence presented at trial. The original indictment alleged that the rapes occurred on March 1999 to July 25, 2002. Because the first instance of any allegation of sexual touching occurred after appellant's second wife died in February 2000, appellant asserts that he was convicted for incidents that occurred outside the relevant time period. This assertion, however, lacks merit.
 {¶ 19} Crim.R. 7(D) provides that "[t]he court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."
 {¶ 20} Here, the trial court amended the indictment at the close of the state's case in chief to conform to the relevant time period as presented by the victim's testimony at trial. As testified by the victim, the first sexual encounter began after appellant's second wife died, which was in February 2000, and continued until July 25, 2002. To conform with the evidence, the trial court properly amended the time period alleged in each count of the indictment from "March 1999-July 25, 2002" to "February 2000-July 25, 2002." None of the rapes for which appellant was convicted were outside of the relevant time period as alleged in the original indictment. Indeed, all counts on the original indictment included the amended time period of February 2000 to July 25, 2002 which was consistent with the victim's testimony. Contrary to appellant's argument, appellant was indicted and convicted of rapes that occurred within the amended time period. Thus, appellant's second assignment of error is overruled.
 {¶ 21} The judgment is affirmed.
Judgment affirmed.
Dyke and Gallagher, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.