JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Ralph Fulkerson, appeals his conviction for rape and sentence of three years incarceration handed down by the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} The facts underlying appellant's conviction and sentence are as follows. The victim in this case was the sister-in-law of the appellant, and she lived nearby to appellant in the same apartment building. At the time of the offense that gave rise to this appeal, appellant had known the victim for approximately six years. Eventually, appellant's marriage grew strained, and he would often seek sanctuary in the apartment of the victim, sleeping on her sofa. The victim's relationship with her sister deteriorated as a result of this, and the two were not on speaking terms at the time of the assault.
 {¶ 3} On August 3, 2002, the victim had gone fishing with a friend. Upon their return, they met up with the appellant and proceeded to drink a large amount of beer and other alcoholic beverages; the victim admittedly suffers from alcohol addiction. After consuming beer and vodka, the victim returned to her apartment and went to sleep. She was awakened when appellant entered her bedroom and put his "hands up her shorts;" the victim testified that the appellant put his thumbs inside her vagina and massaged her anus. Immediately, the victim left the bedroom, informed her friend and her sister that she had been sexually assaulted, and called the police.
 {¶ 4} Although he was not arrested at the scene when the police arrived, appellant was eventually indicted on two counts of rape and one count of burglary. At trial, the state presented testimony from several witnesses: the victim; the police officer who responded to the initial 911 call; Glenn Zientarski, the victim's friend; and Detective Arthur King of the sex crimes unit. Appellant called only one witness, his wife, Irene Fulkerson. Appellant was found guilty on one count of rape, and the jury found him not guilty on the other counts of the indictment. The court sentenced him to a mandatory term of three years. This timely appeal follows, and appellant presents eight assignments of error for our review.
 {¶ 5} "I. The evidence adduced at trial hereon was insufficient as a matter of law to support a finding beyond a reasonable doubt that Mr. Fulkerson was guilty of rape as alleged in count two of the indictment."
 {¶ 6} In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph 2 of the syllabus.
 {¶ 8} More recently, in State v. Thompkins (1997),78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 9} "With respect to sufficiency of the evidence, `" sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560." Id. at 386-387.
 {¶ 10} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167,462 N.E.2d 407.
 {¶ 11} Upon review of the evidence, we find that there exists competent, credible evidence to support the appellant's conviction. Appellant argues that he did not "penetrate" the victim for purposes of R.C. 2907.01(A), which states in pertinent part: "[S]exual conduct involves the insertion, however slight, of any body part * * * into the vaginal cavity of another." Therefore, even slight penetration would meet the standard for sexual conduct. The victim testified that the appellant's thumb was approximately one-half of an inch inside her vagina; that slight penetration would provide the basis for a rape conviction. Therefore, this assignment of error lacks merit and is hereby overruled.
 {¶ 12} "II. The rape conviction was not supported by the manifest weight of the evidence."
 {¶ 13} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. Instead, "the [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, citingTibbs v. Florida, (1982), 457 U.S. 31, 102 S.Ct. 2211,72 L.Ed.2d 752.
 {¶ 14} It does not appear that the jury lost its way in this case. The victim's testimony regarding the events of the day in question was corroborated by her friend who had been drinking with the appellant and the victim prior to the assault. We find the appellant's argument regarding the victim's initial reluctance to press charges disingenuous; it is reasonable for a victim of a sexual assault to be confused at the scene, especially when the attacker was a family member. Further, the victim gave credible testimony and was honest about her status as an alcoholic. The jury was aware that all parties to this assault were intoxicated on the evening in question. We cannot say that the appellant's conviction created a manifest miscarriage of justice; therefore, this assignment of error is overruled.
 {¶ 15} "III. The trial court erred in overruling defendant's motions for acquittal under Criminal Rule 29 and for a new trial under Criminal Rule 33."
 {¶ 16} At several points in the trial, appellant moved for a judgment of acquittal pursuant to Crim.R. 29. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Under Crim.R. 29, a trial court" shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 652, syllabus. "A motion for judgment of acquittal under Crim.R. 29(A) should only be granted where reasonable minds could not fail to find reasonable doubt." State v. Apanovitch (1987),33 Ohio St.3d 19, 23, 514 N.E.2d 394.
 {¶ 17} Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction. See State v. Bell (May 26, 1994), Cuyahoga App. No. 65356. As discussed above, there was sufficient evidence to support a finding of guilty on the rape count, and this argument lacks merit.
 {¶ 18} Appellant also moved the trial court for a new trial. A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v.Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, syllabus. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins
(1984), 15 Ohio St.3d 164, 222, 450 N.E.2d 1140, quotingSpalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview GeneralHospital, 75 Ohio St.3d 254, 1996-Ohio-159, 662 N.E.2d 1.
 {¶ 19} Appellant argues that the trial court's comments that it "had a problem with the evidence regarding the second count of rape" evidences an abuse of discretion in failing to grant the motion for a new trial. We disagree. The comment was made out of the presence of the jury during arguments relative to the Crim.R. 29 motion, and the entire text of the trial court's comment to which appellant alludes is as follows: "* * * The only question I have is on the issue of whether or not it was rape in the anus because of her testimony. Her testimony is very clear that he stuck his fingers inside of her vagina, I don't have any problem with that rape. I have a problem with the evidence regarding the second count of rape." The court then decided that there was a sufficient factual question as to whether the actions to which the victim testified would constitute even a slight anal penetration and declined to grant the appellant's motions. We find no abuse of discretion in the trial court's actions. Therefore, we find appellant's third assignment of error to be without merit, and it is hereby overruled.
 {¶ 20} "IV. The trial court erred in its answer to the jury's questions by invading the province of the jury and providing them with evidence not offered at trial."
 {¶ 21} Appellant argues that the trial court's supplemental instruction issued in response to a jury question during deliberation amounted to reversible error. We review this assignment of error for abuse of discretion because appellant's counsel vigorously objected to the supplemental instruction at the time of trial. During deliberations, the jury posed the following question to the trial court:" Is a finger in the folds of the labia considered penetration?" The court's response to that question was as follows:" Slight penetration entering the labia is sufficient to complete vaginal intercourse." This court, as well as others, has consistently held that evidence of slight penetration, entering the vulva or labia, is sufficient to support a rape conviction. State v. Falkenstein, Cuyahoga App. No. 83316 at 7, 2004-Ohio-2561; State v. Blankenship (Dec. 13, 2001), Cuyahoga App. 77900, at 12. See, also, State v. Grant,
Montgomery App. 19824, 2003-Ohio-7240. Therefore, we find no abuse of discretion in the trial court's supplemental instruction and overrule this assignment of error.
 {¶ 22} "V. The trial court erred in refusing to instruct the jury on the application of the lesser included offense (sic) of gross sexual imposition and sexual imposition."
 {¶ 23} A jury instruction on a lesser included offense" is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas
(1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of syllabus. The evidence must be reviewed in the light most favorable to the appellant in this situation. State v. Wilkins
(1980), 64 Ohio St.2d 382, 415 N.E.2d 303.
 {¶ 24} In the instant case, appellant requested an instruction on gross sexual imposition, which the trial court declined to issue on the grounds that there was evidence of penetration such that sexual conduct had occurred. Moreover, the trial court found that appellant's position throughout the trial had been that no sexual act, either sexual conduct or sexual contact as employed by R.C. 2907.05, had occurred on the day in question; therefore, an instruction on gross sexual imposition would be confusing to the jury. We review this action for abuse of discretion. State v. Wolons (1989), 44 Ohio St.3d 64, 68,541 N.E.2d 443.
 {¶ 25} After a review of the jury instruction as a whole, and construing the evidence presented in the light most favorable to the defendant, we find no abuse of discretion in the trial court's failure to issue a jury instruction on the lesser included offense. The trial court properly defined for the jury all essential elements of the law in question and provided a clear outline of the jury's duties in deliberation. Therefore, appellant's fifth assignment of error is overruled.
 {¶ 26} "VI. The trial court erred in its instruction to the jury defining sexual conduct."
 {¶ 27} Generally, it is the duty of the trial judge in a jury trial to state all matters of law necessary for the information of the jury in giving its verdict. R.C. 2945.11. Correct and pertinent requests to charge the jury must be given by the trial judge, either as specifically proposed or within the substance of a general charge. State v. Perryman (1976), 49 Ohio St.2d 14, 3 O.O.3d 8, 358 N.E.2d 1040.
 {¶ 28} Appellant argues in his final assignment of error that what clearly amounts to a verbal misstep of the trial judge while issuing the definition of "sexual conduct" somehow prejudiced the appellant. Specifically, the trial court made the following statement: "Sexual conduct means vaginal intercourse between a male and female and/or anal intercourse between persons regardless of sex, without privilege to do so, the insertion, however slight of any part of the body, instrument, apparatus, object into the vagina — into the vaginal and/or anal cavity of another. Penetration, however, slight, is sufficient to complete vaginal and/or anal intercourse." This language, but for the verbal slip, recites almost verbatim the definition of "sexual conduct" as set forth in R.C. 2907.01(A). Appellant's argument that a quickly corrected mispronunciation amounts to prejudicial error is unconvincing. The sixth assignment of error is therefore overruled.
 {¶ 29} "VII. The trial court erred by not requiring the jury to set forth on the record whether they found the defendant guilty of vaginal or anal rape."
 {¶ 30} Appellant argues that the trial court was bound to determine whether the jury was convinced of appellant's guilt as to anal rape or vaginal rape and that the failure to do so amounts to prejudicial error. In order to reverse a conviction based on an alleged error, the threshold inquiry is whether there was a deviation from a legal rule. State v. Perry,101 Ohio St.3d 118, 119, 2004-Ohio-297, 802 N.E.2d 643, citing State v.Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222. We can identify no legal rule which entitles a criminal defendant to know exactly which of his criminal acts led the jury to a finding of guilt. In the instant case, as discussed above, there is competent, credible evidence throughout the record to support the jury's verdict, especially with regard to the vaginal rape. Either vaginal or anal penetration would have satisfied the elements of "sexual conduct" necessary for a rape conviction, and appellant fails to identify how he was prejudiced in this instance. Because we have already determined that there exists sufficient evidence to uphold the rape conviction, and because we find no error that would prejudice the defendant, this assignment of error is overruled.
 {¶ 31} "VIII. The appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10, of the Ohio Constitution."
 {¶ 32} Appellant argues that trial counsel was ineffective by failing to object to the "erroneous" jury instruction as to the definition of "sexual conduct," as discussed above, and by failing to request a determination at the time of the verdict as to whether the jury found the appellant guilty of vaginal or anal rape. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, State v. Brooks
(1986), 25 Ohio St.3d 144, 495 N.E.2d 407.
 {¶ 33} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128;Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. To find counsel ineffective, a reviewing court must determine first that there has been a substantial violation of counsel's essential duties to his client and that the client was prejudiced by counsel's ineffectiveness. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, Strickland v. Washington, supra. "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, at 141, 142.
 {¶ 34} As discussed above, there was no error in the trial court's definition of "sexual conduct;" therefore, trial counsel cannot be held to be ineffective in failing to object thereto. Further, appellant argues, pursuant to his seventh assignment of error, that trial counsel" pressed" the court for information as to the exact sex acts on which appellant was convicted pursuant to his Crim.R. 29 motion prior to sentencing. Appellant cannot then argue that trial counsel was ineffective for failing to object when, as pointed out in appellant's brief, he quite clearly addressed the matter before the trial court. Therefore, we find no deficiency in the performance of trial counsel, and appellant's eighth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Dyke, J., Concurs in judgment only.