{¶ 43} I respectfully dissent.
 {¶ 44} As the majority correctly notes, "[t]he wrongful imprisonment statutes were intended to compensate the innocent for wrongful imprisonment. They were never intended, however, to compensate those who had merely avoided criminal liability." Chandler v. State (1994),95 Ohio App.3d 142, 147-148, citing Walden v. State (1989),47 Ohio St.3d 47, 52. Accordingly, Henderson has the burden to demonstrate, by a preponderance of the evidence, that he is innocent of the crime of rape. Id. at 148, citing Walden, 47 Ohio St.3d 47, at paragraph three of the syllabus. Under the circumstances presented herein, Henderson has failed to sustain his burden.
 {¶ 45} The majority states "[w]ithout weighing the quantity or the quality of Henderson's evidence * * * a trial court could base a judgment of innocence on the inconclusive results of the doctor's sexual assault examination together with the recantation of the victim. Thus, there is a genuine issue of material fact to be tried."
 {¶ 46} This conclusion, however, ignores two important facts. Contrary to the majority's position, the presence or absence of the doctor's testimony, despite any probative value it may have in Henderson's avoidance of criminal liability, is not a material fact in determining his innocence of the crime. Material facts are those relevant to the substantive law applicable in a particular case. Needham v. ProvidentBank (1996), 110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. It is well-settled that the state is not required to provide physical evidence of penetration in order to prove that "sexual conduct," as defined by R.C. 2907.01(A) occurred. State v.Ulis, 6th Dist. No. L-93-247, 1994 Ohio App. LEXIS 3217, at *6;State v. Carpenter (1989), 60 Ohio App.3d 104, 105; State v.Henderson, 11th Dist. No. 2001-T-0047, 2002-Ohio-6715, at ¶ 36. In the instant case, the "substantive law" is not whether the evidence can be used to avoid criminal liability, but whether it can be used toprove innocence. For the reasons previously stated, this evidence is clearly not probative of that issue.
 {¶ 47} The majority's opinion likewise ignores the fact that the unsworn written statement of the victim, despite the fact that it is incorporated by reference to Henderson's motion for summary judgment by Trooper Blake's affidavit, is hearsay.
 {¶ 48} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A "statement," for the purposes of the hearsay rule, is defined as "an oral or written assertion." Evid.R. 801(A). Here, the unsworn statement of the victim is meant to prove the truth of the matter asserted, that is, that either a crime was not committed at all, or Henderson did not commit it.
 {¶ 49} The state filed a motion for summary judgment, which was opposed by Henderson's own motion for summary judgment. Subsequent to Henderson's filing of his motion for summary judgment, the state filed a motion in opposition, objecting to the admission of Trooper Blake's affidavit and stating that it was "of no evidentiary value." I agree.
 {¶ 50} Under Civ.R, 56(E), Henderson, as the non-moving party, is required to produce "facts as would be admissible in evidence." (Emphasis added). "Unless it is subject to a recognized exception, hearsay evidence is * * * not allowed in opposing a properly supported motion for summary judgment to shift the burden of proof." Mahvi v.Stanley Builders, 11th Dist. 2004-G-2607, 2005-Ohio-6581, at ¶ 30
(citations omitted). Since this is precisely how the aforementioned hearsay evidence was utilized, the trial court correctly decided not to consider it.
 {¶ 51} Accordingly, I would affirm the judgment of the trial court.