[Cite as *State v. Patterson*, 2021-Ohio-2387.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, Jr. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 AP 12 0025 |
| JOSHUA PATTERSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Tuscarawas
                             County Court of Common Pleas, Case
                             No.2020 CR 05 0150


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 12, 2021


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

MICHAEL J. ERNEST                   JACOB T. WILL
125 East High Avenue                121 South Main Street
New Philadelphia, OH 44663          Suite 520
                                    Akron, OH 44308

*Gwin, P.J.,*

{¶1}    Defendant-appellant Joshua Patterson ["Patterson"] appeals his convictions and sentences after a jury trial in the Tuscarawas County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    On June 22, 2020, Patterson was indicted on two counts of rape of a child less than thirteen years old in violation of R.C. 2907.02(A)(1)(b), each a felony of the first degree. In Count One, the indictment charged that the victim was less than ten years old at the time of the commission of the offense.

{¶3}    In the evening hours on April 21, 2020, K.P's mother, G.P., left her bedroom, walked into the living room, and observed her husband, Patterson, and her minor daughter, K.P., lying together on the living room floor. G.P. saw Patterson's hand was between K.P's legs, near her genital area. G.P. testified that she saw Patterson's hand on K.P's. thigh, but no farther.  After removing K.P. from the room, G.P. questioned K.P. about the incident.  G.P. testified that when she asked K.P. if Patterson was touching her inappropriately, K.P. responded "he touched my pee pee." Eventually, K.P. called the New Philadelphia Police Department. Based on K.P.'s report, Detective Shawn Nelson of the New Philadelphia Police Department and Nicole John of the Child Advocacy Center (CAC) were assigned to investigate.

{¶4}    Patterson agreed to give Detective Nelson a taped statement. A redacted version of the recorded interview was played for the jury.  During the interview, Detective Nelson asked Patterson if he had "touched [K.P.'s] private parts. Patterson replied "yes."  Patterson stated that he "never put [his] fingers in her ever." When asked again, Patterson confirmed that he never inserted anything inside K.P.

Patterson admitted that while they were cuddling he had touched KP.'s vaginal area, under her clothing at least a half dozen times in the past three months.

{¶5} At trial K.P. testified that Patterson, touched her bare crotch with his fingers. She said this would happen a couple times each week in the living room mostly while they were sitting on the couch. She said that each time lasted for about ten minutes, during which, Patterson would move his fingers around, inside and outside her crotch and that it would hurt. KP. stated that Patterson went inside her crotch "just a little." K.P. testified the touching occurred repeatedly when she was nine and ten years of age and stopped the night her mother saw her father touching her bare leg and thigh.

{¶6} After the state rested, the court and both parties discussed jury instructions in chambers. As part of those discussions, the court stated its intention to include definitions of "vulva", "labia", and "labium" to the rape instruction given to the jury. (2T. at 247). Patterson objected. Patterson argued the anatomical definitions did not appear in the Ohio Jury Instructions. Additionally, Patterson argued that it was the state's burden to prove those definitions or otherwise present evidence that supported giving the additional definitions in the instruction. The court ultimately gave definitions for vulva, labia, and labium. (2T. at 277).

{¶7} The jury found Patterson guilty of all charges. Sentencing commenced on November 10, 2020. The trial judge sentenced Patterson to a mandatory, indefinite term of 15 years to life on Count one, a mandatory, indefinite term of 10 years to life on Count Two, and that those two sentences be served concurrently. The conviction for Gross Sexual Imposition was merged with Count One.

*Assignments of Error*

{¶8}   Patterson raises three Assignments of error,

{¶9}   "I.THE JURY'S FINDING OF GUILTY AS TO COUNTS ONE AND TWO FOR RAPE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10}  "II. APPELLANT'S CONVICTIONS FOR RAPE WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION.

{¶11}  "III.   THE COURT COMMITTED REVERSABLE ERROR WHEN IT IMPROPERLY INSTRUCTED THE JURY ON THE CHARGE OF RAPE."

I. & II.

{¶12}  In his First Assignment of Error, Patterson argues that his convictions for rape were against the manifest weight of the evidence.   In his Second Assignment of Error, Patterson contends that there is insufficient evidence to support his rape convictions.

**Standard of Appellate Review– Sufficiency of the Evidence.**

{¶13}  The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."   This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt.  *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016).   The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court.  *State v. Walker*, 150 Ohio St.3d 409,

2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶14} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997*; *Walker*, at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, 'if believed, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**Issue for Appellate Review:** *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the*

*average mind of Patterson's guilt on each element of the crimes for which he was*

*convicted beyond a reasonable doubt.*

{¶15}  Patterson was indicted on two counts of rape of a child less than thirteen years old in violation of R.C. 2907.02(A)(1)(b), each a felony of the first degree. R.C. 2907.02 provides,

(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

* * *

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶16}   R.C. 2907.01 provides in relevant part,

(A) "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

{¶17}  Patterson contends that the record does not prove beyond a reasonable doubt the element of penetration.  Patterson further contends that the evidence fails to show that the victim was under the age of ten at the time of the rapes.

#### *Age of K.P. at the time of the offenses.*

{¶18}  K.P. was born March 5, 2010. 1T. at 121; 2T. at 209. The abuse of K.P. began when she was in the third grade. 2T. at 213.  Patterson left the home and never returned on April 21, 2020, the night that his wife observed him and K.P. on the couch and ordered him to leave the home. Accordingly, all of the abuse occurred before April 21, 2020.  K.P. testified that Patterson put his finger inside her crotch "a little bit" when she was nine and ten years old. 2T. at 216. Only Count One of the Indictment alleged that K.P. was less than ten years old.

{¶19}  Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that K.P. was less than 10 years old at the time of at least one of the rapes, and that K.P. was less than thirteen years old at the time of each rape as alleged in the Indictment.. We hold, therefore, that the state met its burden of production regarding K.P.'s age and, accordingly, there was sufficient evidence to support Patterson's conviction.

#### *Sexual conduct: Penetration.*

{¶20}  K.P. testified that Patterson put his finger inside her crotch "a little bit" when she was nine and ten years old. 2T. at 216.  Patterson himself admitted that the lips of K.P.'s vagina may have come apart a few times. 1T. at 188.

{¶21}  In *State v. D.H.,* the Court noted,

> R.C. 2907.01(A). Prior to August 3, 2006, the effective date of 2005 H.B. No. 95, R.C. 2907.01(A) defined sexual conduct as including the insertion, however slight, of any body part or object into the "vaginal or anal cavity of another." Through H.B. No. 95, the General Assembly changed

only one word in R.C. 2907.01(A), replacing the word "cavity" with the word "opening."

10th Dist. Franklin No. 16AP-501, 2018-Ohio-559, ¶30. "In cases of statutory construction, the words used in a statute will be accorded their common, everyday meaning unless a contrary intent is expressed." *State v. Wells*, 91 Ohio St.3d 32, 34, 2001-Ohio-3, 740 N.E.2d 1097 (2001), citing R.C. 1.42. "To determine the common, everyday meaning of a word, we have consistently used dictionary definitions." Id.

{¶22} The vagina is the hollow passage leading from the uterus of the female body outward to the exterior genitalia, or vulva, which is comprised of lip-like folds of skin called the labia majora. *State v. Remy*, 2nd Dist. Clark No. 2017-CA-6, 2018-Ohio-2856, ¶26.

{¶23} In *State v. Wells,* the Ohio Supreme Court analyzed the meaning of penetration of the "anal cavity" under former R.C. 2907.01(A), and concluding that, as the "everyday meaning of 'cavity' is 'a natural hollow place within the body,' " penetration into "the anal cavity occurs when some part of the body or any other item is inserted into the anus"

{¶24} Accordingly, the term vaginal *cavity* would appear to require further penetration into the vaginal canal than the term vaginal *opening.* Courts have consistently held that vaginal penetration is proved when any object is applied with sufficient force to cause the labia majora to spread. *State v. Carpenter,* 60 Ohio App.3d 104, 105, 573 N.E.2d 1206(5th Dist. 1989); *State v. Remy*, 2nd Dist. Clark No. 2017-CA-6, 2018-Ohio-2856, ¶27; *State v. Stacey,* 3rd Dist. Seneca No. 13-Ohio-44, 2009-Ohio-3816, ¶16; *State v. Melendez*, 9th Dist. Lorain No. 08CA009477, 2009-Ohio-4425,¶14; *State v. Fulkerson,* 8th Dist. Cuyahoga No. 83566, 2004-Ohio-3114, ¶21.

{¶25} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Patterson committed the crime of rape. We hold, therefore, that the state met its burden of production regarding the two counts of rape and, accordingly, there was sufficient evidence to support Patterson's convictions.

**Standard of Appellate Review – Manifest Weight.**

{¶26} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355*; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶27} The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31. Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney,* 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999). Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer*, 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

{¶28} Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

**Issue for Appellate Review**:  *Whether the jury clearly lost their way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.*

{¶29}  The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility.  "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence."  *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996).  Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true.  *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992).  Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence.  *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

{¶30}  In the case at bar, the jury heard the witnesses and viewed the evidence. The jury saw K.P. subject to cross-examination. The jury heard and saw Patterson's recorded statement to the police. Thus, a rational basis exists in the record for the jury's decision.

{¶31} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the foregoing and the entire record in this matter we find Patterson's convictions are not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Patterson's guilt. The jury neither lost their way nor created a miscarriage of justice in convicting Patterson of two counts of rape.

{¶32} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes for which Patterson was convicted.

{¶33} Patterson's First and Second Assignments of Error are overruled.

III.

{¶34} After hearing the testimony and prior to giving the jury instructions, the court advised counsel that it was considering tweaking the rape instruction by excluding certain acts of sexual conduct not supported by the evidence, (such a fellatio, vaginal intercourse and cunnilingus), and adding the definition of labia and vulva. The trial court instructed the jury as follows:

In considering the charges, you must use the following definitions. Sexual conduct includes, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal opening of another. The insertion of a part of the body or

other object within the vulva or labia is sufficient to prove sexual conduct.

Vulva means the external parts of the female organs. Labia is the plural of

Labium. Labium means any of the folds of the margin of the vulva.

2T. at 277.

{¶35} In his Third Assignment of Error, Patterson argues that the supplemental instruction was improper because there was no medical evidence presented which would permit a detailed instruction on the anatomical parts of the vagina, and, that the supplemental instruction only served to bolster's the state's "vague and incomplete" evidence of vaginal penetration.

### Standard of Review

{¶36} A trial court is obligated to provide jury instructions that correctly and completely state the law. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312, 649 N.E.2d 1219 (1995). The jury instructions must also be warranted by the evidence presented in a case. *Estate of Hall v. Akron Gen. Med. Ctr.,* 125 Ohio St.3d 300, 2010-Ohio-1041, 927 N.E.2d 1112, ¶ 26. The question of whether a jury instruction is legally correct and factually warranted is subject to de novo review. Id.; *Cromer v. Children's Hosp. Med. Ctr. Of Akron,* 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 22.

{¶37} In examining errors in a jury instruction, a reviewing court must consider the jury charge as a whole and "must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights." *Becker v. Lake Cty. Mem. Hosp. W.* 53 Ohio St.3d 202, 208, 560 N.E.2d 165, 171(1990). If there is no inherent prejudice in the inclusion of a particular jury instruction, prejudice must be affirmatively shown on the face of the record, and it cannot be presumed. *Wagner v.*

*Roche Laboratories*, 85 Ohio St.3d 457, 461–462, 709 N.E.2d 162 (1999); *Cromer,* 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶35. The general rule is that an erroneous instruction does not necessarily mislead a jury. Id.

**Issue for Appellate Review**: W*hether the trial courts definitions of vulva and labium in its charge to the jury probably misled the jury in a matter materially affecting Patterson's substantial rights.*

**{¶38}** When words are not defined in a statute, they are to be given their plain and ordinary meaning absent a contrary legislative intent. R.C. 1.42.; *State v. Conyers*, 87 Ohio St.3d 246, 249–50 (1999); *State v. Wells*, 91 Ohio St.3d 32, 34, 2001-Ohio-3, 740 N.E.2d 1097 (2001). Courts have used dictionary definitions to determine the plain and ordinary meaning of a statutory term. *State v. Wells*, 91 Ohio St.3d at 34(citing *Ritchey Produce Co., Inc. v. Ohio Dept. of Adm. Serv.*, 85 Ohio St.3d 194, 272–273, 707 N.E.2d 871, 926–927(1999)); *Roush v. Brown,* 12th Dist. No. CA2008–11–275, 2009–Ohio–2446, ¶ 25; *State v. Kendall*, 4th Dist. No. 10CA26, 2011–Ohio–2475, ¶ 14; *State v. Jackson,* 10th Dist. Franklin No. 2011-06-096, 2012-Ohio-4219, ¶34.

**{¶39}** The vagina is the hollow passage leading from the uterus of the female body outward to the exterior genitalia, or vulva, which is comprised of lip-like folds of skin called the labia majora. *State v. Remy*, 2nd Dist. Clark No. 2017-CA-6, 2018-Ohio-2856, ¶26.

**{¶40}** K.P. testified that Patterson put his finger inside her crotch "a little bit" when she was nine and ten years old. 2T. at 216. Patterson himself admitted that the lips of K.P.'s vagina may have come apart a few times. 1T. at 188.

**{¶41}** As we noted in our disposition of Patterson's First and Second Assignments of error, courts have consistently held that vaginal penetration is proved when any object

is applied with sufficient force to cause the labia majora to spread. *State v. Carpenter,* 60 Ohio App.3d 104, 105, 573 N.E.2d 1206(5th Dist. 1989); *State v. Remy*, 2nd Dist. Clark No. 2017-CA-6, 2018-Ohio-2856, ¶27; *State v. Stacey,* 3rd Dist. Seneca No. 13-Ohio-44, 2009-Ohio-3816, ¶16; *State v. Melendez,* 9th Dist. Lorain No. 08CA009477, 2009-Ohio-4425,¶14; *State v. Fulkerson,* 8th Dist. Cuyahoga No. 83566, 2004-Ohio-3114, ¶21.

{¶42} As the trial court's definitions were legally correct, there was no inherent prejudice by the trial court's inclusion of the definitions for vulva and labium in the jury charge. Patterson's arguments concern the weight to be given to the evidence presented by the state. Patterson has not demonstrated that the trial court's definitions were inaccurate or incomplete definitions of the anatomical parts of the vagina. Accordingly, we further find that Patterson has failed to affirmatively demonstrate that the inclusion of the definitions probably misled the jury in a matter materially affecting Patterson's substantial rights.

{¶43} Patterson's Third Assignment of Error is overruled.

{¶44} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney.J., and

Wise, Earle, J., concur

.