[Cite as *State v. Black*, 2021-Ohio-268.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

COLBY BLACK,

    DEFENDANT-APPELLANT.

CASE NO. 15-20-07

O P I N I O N

Appeal from Van Wert Municipal Court
Trial Court No. CRB 2000124

Judgment Affirmed

Date of Decision: February 1, 2021

APPEARANCES:

    *Gregory W. Unterbrink* for Appellant

    *John E. Hatcher* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Colby Black ("Black") brings this appeal from the judgment of the Van Wert Municipal Court finding him guilty of one charge of Domestic Violence and ordering him to pay a fine of $500.00 and sentencing him to 180 days in jail. On appeal, Black challenges the judgment claiming that 1) counsel was ineffective for failing to inform him of his right to a jury trial and that 2) the judgment was not supported by sufficient evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} On the morning of March 16, 2020, Black and his girlfriend, the victim, were arguing. Doc. 2. While the victim was putting the dog in the laundry room and closing the gate, Black kicked the gate causing it to strike the victim in the face. *Id*. The impact broke the victim's nose and caused bruising and swelling around her nose. *Id*. A complaint was filed in the trial court alleging that Black had committed Domestic Violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Doc. 1. The trial court arraigned Black on April 6, 2020. Doc. 4. Black entered a plea of not guilty and he was released on bond. Doc. 9. A bench trial was held on June 10, 2020, and the trial court found Black guilty as charged. Doc. 34. The trial court sentenced Black to 180 days in jail and ordered him to pay a fine of $500 as well as court costs. *Id*. Black appeals from this judgment and on appeal raises the following assignments of error.

**First Assignment of Error**

**Whether appellant was denied adequate counsel by failure to inform him of his right [to a] jury trial, and cursory review of discovery? [sic]**

**Second Assignment of Error**

**The trial court erred in not determining whether the State had sufficient evidence to convict after testimony of Sheriff's Deputy and alleged victim appeared to be conflicted and contradictory.**

{¶3} In the first assignment of error, Black claims that he was denied the effective assistance of counsel. However, no argument is presented in the brief to support this claim. An appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)2). Black failed to argue this assignment of error in the brief. Thus, this Court will not consider it. This Court does note, however, that the matter is not resolved as it regards the effectiveness of trial counsel and trial counsel and appellate counsel are the same. "[S]ince 'counsel cannot realistically be expected to argue his own incompetence, res judicata does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief.'" *State v. Lentz*, 70 Ohio St.3d 527, 529-30, 639 N.E.2d 784 (1994) quoting *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169, fn. 1 (1982). The first assignment of error is dismissed.

{**¶4**} In the second assignment of error, Black claims that the evidence was not sufficient to support the conviction. Although, the second assignment of error alleges that the conviction was not supported by sufficient evidence, Black appears to actually be arguing that the convictions are against the manifest weight of the evidence. In the interest of justice, we will address both the assignment of error and the arguments presented. "Under the sufficiency of the evidence standard, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Sullivan*, 3d Dist. Hancock No. 5-17-09, 2017-Ohio-8937, ¶ 28, 102 N.E.3d 86 quoting *State v. Potts*, 2016-Ohio-5555, 69 N.E.3d 1227, ¶ 12 (3d Dist.).

{**¶5**} Black was charged with a violation of R.C. 2919.25(A), domestic violence. The statute provides that no person shall "knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). The statute defines a family or household member in relevant part as follows.

> **(a) Any of the following who is residing or has resided with the offender:**
>
> **(i) A spouse, a person living as a spouse, or a former spouse of the offender;**
>
> **\* \* \***
>
> **(2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise**

> **has cohabited with the offender within five years prior to the date of the alleged commission of the act in question.**

R.C. 2919.25(F)(1-2).  Thus, the State had to prove that Black knowing caused physical harm and that the victim was a household member.

{¶6} A review of the record shows that there is no question that the victim suffered physical harm as her nose was broken.  The victim testified that Black kicked her in the face and caused the damage.  Thus, viewing the evidence in a light most favorable to the State, that element has been shown.

{¶7} During the case in chief, no evidence was presented that the victim, who was not a spouse of Black, and Black were cohabitating.  In fact, the State in its brief states that the "parties do not contend that they were cohabitating together at the time of the alleged incident."  Appellee's Brief at 6.  However, during the trial, Black testified that he was "staying" at the residence.  Tr. 54.  He later testified that he packed all his stuff and left.  Tr. 56.  He also testified that the victim did not press charges "until she knew that I sent a picture of my clothes and everything packed and said I'm going."  Tr. 57.  The trial court took this as an admission that Black was living with the victim.  Tr. 75.  Viewing this evidence in a light most favorable to the State, a reasonable person could determine that Black and the victim were cohabitating, at least for a short time.  As the State presented evidence as to the elements of the offense, this Court finds that the evidence was sufficient to support the conviction.

{¶8} When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Mendoza*, 137 Ohio App.3d 336, 738 N.E.2d 822 (3d Dist. 2000). See, also, *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. *Thompkins* at 387, 678 N.E.2d 541. Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given. *State v. Moorer*, 3d Dist. Seneca No. 13–12–22, 2013-Ohio-650, ¶ 29.

{¶9} Black argues that because there was conflicting testimony as to the severity of the injuries and how exactly they occurred, he should not have been convicted. However, the mere fact that there is conflicting testimony does not mean that the evidence weighs heavily against conviction. "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Kruse*, 3d Dist. Union No. 14-16-15, 2017-Ohio-5667, ¶ 66 quoting *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). As

discussed above, there was testimony provided that indicated that Black caused the injuries to the victim. Photographs of the injuries were presented to the trial court. Thus, the trial court was free to evaluate which testimony to find credible and what to believe. A review of the record does not show that the trial court, as the finder of fact in this case, lost its way and that a manifest injustice occurred. The second assignment of error is overruled.

{¶10} Having found no error prejudicial to the appellee in the particulars assigned and argued, the judgment of the Van Wert Municipal Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**