[Cite as *State v. Hearing*, 2023-Ohio-3704.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney |
| -vs- | |
| | Case No. CT2022-0026 |
| ROBERT H. HEARING | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No.  CR2021-0376


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    October 11, 2023


APPEARANCES:

For Plaintiff-Appellee

RON WELCH
PROSECUTING ATTORNEY
JOHN CONNOR DEVER
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702

For Defendant-Appellant

BRADLEY KOFFEL
1801 Watermark Drive
Suite 350
Columbus, Ohio  43215

*Wise, J.*

{¶1}    Appellant Robert H. Hearing appeals his conviction and sentence after a jury trial in the Muskingum County Court of Common Pleas. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

**FACTS AND PROCEDURAL HISTORY**

{¶2}    On July 14, 2021, Appellant was indicted on (1) Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), (2) Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), (3) Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), (4) Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), (5) Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), (6) Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(1), (7) Illegal Use of a Minor or Impaired Person in Nudity-oriented Material or Performance in violation of R.C. §2907.323(A)(2), (8) Illegal Use of a Minor or Impaired Person in Nudity-oriented Material or Performance in violation of R.C. §2907.323(A)(2), (9) Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(2), (10) Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. §2907.321(A)(2), (11) Gross Sexual Imposition in violation of R.C. §2907.05(A)(4), (12) Rape in violation of R.C. §2907.02(A)(1)(b), (13) Kidnapping in violation of R.C. §2905.01(A)(4), and (14) Trafficking in Persons in violation of R.C. §2905.32(A)(2)(b).

{¶3}    On July 26, 2021, Appellant filed a Request for Bill of Particulars.

**{¶4}** On February 22, 2022, Appellant filed a Motion to Suppress video and audio recordings.

**{¶5}** On February 23, 2022, the trial court denied Appellant's Motion to Suppress.

**{¶6}** On March 1, 2022, the trial court conducted a bench trial. At the beginning of trial, Appellee dismissed Count Thirteen, Kidnapping. Count Fourteen was renumbered as Count Thirteen.

**{¶7}** At trial, evidence showed Appellant cared for his two-year-old granddaughter when her parents were away. The two-year-old victim's father kept a wi-fi extender with a built-in camera in his home.

**{¶8}** On July 6, 2022, the camera recorded multiple videos, with audio. These recordings show Appellant placing the nude two-year-old victim on her back on the bed. The video shows Appellant grasping her legs, hovering his phone over her as if taking pictures. The recordings also show Appellant taking his clothes off and walking around nude just before taking the photos of the two-year-old victim.

**{¶9}** The victim's father discovered the videos five days later and contacted law enforcement.

**{¶10}** Appellant voluntarily submitted to an interview with police. He turned his phone over to law enforcement and consented to a search of his phone. On his phone, law enforcement found the incriminating photo of the victim lying nude on her back. During the interview, Appellant confessed to touching the two-year-old victim's clitoris, rubbing the child's buttocks, and forcing the child to touch his penis.

**{¶11}** On March 7, 2022, the trial court filed a journal entry finding Appellant guilty on Counts One through Twelve, and not guilty on Count Thirteen.

**{¶12}** On April 11, 2022, the trial court conducted a sentencing hearing and announced the sentence.

**{¶13}** On April 12, 2022, the trial court filed its sentencing entry.

## ASSIGNMENTS OF ERROR

**{¶14}** Appellant filed a timely notice of appeal and herein raises the following fifteen Assignments of Error:

**{¶15}** "I. THE CONVICTION ON COUNT 1 IS BARRED BY THE *CORPUS DELICTI* RULE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶16}** "II. THE CONVICTION ON COUNT 2 IS BARRED BY THE *CORPUS DELICTI* RULE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶17}** "III. EXHIBIT 9 IS NOT 'OBSCENE,' AND THERE IS INSUFFICIENT EVIDENCE THAT THE PHOTOGRAPHS UPON WHICH COUNTS 1, 2, 3, AND 4 ARE BASED ARE 'OBSCENE.'

**{¶18}** "IV. THE CONVICTION ON COUNT 3 AND 4 IS BARRED BY THE *CORPUS DELICTI* RULE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶19}** "V. THE CONVICTIONS ON COUNTS 5 AND 6 (ILLEGAL USE OF A MINOR IN NUDITY-ORIENTED MATERIAL) ARE BARRED BY THE *CORPUS DELICTI* RULE AND ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶20}** "VI. THE CONVICTIONS ON COUNTS 7, 8, 9, AND 10 (PANDERING OBSCENITY INVOLVING A MINOR) ARE BARRED BY THE *CORPUS DELICTI* RULE AND ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶21}** "VII. THE CONVICTION ON COUNT 11 IS BARRED BY THE *CORPUS DELICTI* RULE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶22}** "VIII. THE CONVICTION ON COUNT 11 VIOLATED THE RIGHT TO GRAND JURY INDICTMENT AND THE RIGHT TO NOTICE OF THE CHARGE AND OPPORTUNITY TO DEFEND.

**{¶23}** "IX. THE COURT'S IMPLICIT FINDING THAT MR. HEARING TOUCHED THE CHILD FOR THE PURPOSE OF SEXUAL AROUSING OR GRATIFYING EITHER PERSON IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE AND IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶24}** "X. IF THE CONVICTION ON COUNT 11 IS BASED UPON TOUCHING THE CLITORIS, THEN THE CONVICTION ON COUNT 11 IS REDUNDANT OF, AND SHOULD MERGE WITH, THE CONVICTION ON COUNT 12 (RAPE).

**{¶25}** "XI. THE CONVICTION ON COUNT 12 IS BARRED BY THE *CORPUS DELICTI* RULE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶26}** "XII. THE CONVICTION FOR RAPE IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE, BECAUSE TOUCHING A CLITORIS IS NOT "INSERTION INTO THE VAGINAL OPENING" NOR ANY OTHER FORM OF "SEXUAL CONDUCT.

**{¶27}** "XIII. THE COURT ERRED BY REFUSING TO CONSIDER THE MERITS OF MR. HEARING'S OBJECTION TO THE ADMISSION OF THE SURVEILLANCE AUDIO/VIDEO-RECORDINGS AND THE EVIDENCE DERIVED THEREFROM, INCLUDING MR. HEARING'S STATEMENTS TO THE DETECTIVE.

**{¶28}** "XIV. MR. HEARING'S [sic] WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL BY THE FAILURE TO TIMELY CHALLENGE THE ADMISSIBILITY OF THE SURVEILLANCE AUDIO/VIDEO-RECORDINGS AND THE

EVIDENCE DERIVED THEREFROM, INCLUDING MR. HEARINGS [sic] STATEMENTS TO DETECTIVES.

**{¶29}** "XV. TO THE EXTENT THIS COURT FINDS THAT TRIAL COUNSEL FAILED TO PRESERVE AN ARGUMENT UNDER THE *CORPUS DELICTI* RULE AND THAT THERE IS NO "PLAIN ERROR," MR. HEARING WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL."

**{¶30}** For the purpose of judicial economy, we will address the assignments of error out of order.

### XIII.

**{¶31}** In Appellant's thirteenth Assignment of Error, Appellant argues the trial court erred in finding Appellant waived the evidence exclusion required by R.C. §2933.62(A) by failing to file a timely Motion to Suppress. We disagree.

**{¶32}** Crim.R. 12(C), in pertinent part, states:

**Pretrial Motions.** Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

* * *

(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.

**{¶33}** R.C. §2933.62(A) states:

No part of the contents, and no evidence derived from the contents, of any intercepted wire, oral, or electronic communication shall be received in evidence in any trial, hearing, or other proceedings in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of this state or of a political subdivision of this state, if the disclosure of that information is in violation of sections 2933.51 to 2933.66 of the Revised Code.

{¶34} Appellant argues the video surveillance submitted into evidence was made in violation of R.C. §2933.52, which provides, in pertinent part:

(A) No person purposefully shall do any of the following:

(1) Intercept * * * a wire, oral, or electronic communication;

(2) Use * * * an interception device to intercept a wire, oral, or electronic communication, if either of the following apply:

(a) The interception device is affixed to, or otherwise transmits a signal through, a wire, cable, satellite, microwave, or other similar method of connection used in wire communications[.]

{¶35} R.C. §2933.63 states, in pertinent part:

(A)      Any aggrieved person in any trial, hearing, or proceeding in or before any court * * * may request the involved court * * * by motion, to suppress the contents, or evidence derived from the contents of a wire, oral, or electronic communication intercepted pursuant to sections 2933.51 to 2933.66 of the Revised Code for any of the following reasons:

(1)      The communication was unlawfully intercepted.

(B)      Any motion filed pursuant to division (A) of this section shall be made before trial[.]

**{¶36}** "Evidence of a communication intercepted in violation of R.C. 2933.52 is subject to suppression." *State v. Payne*, 9th Dist. Summit No. 26655, 2013-Ohio-5230, ¶14. Crim.R. 12(C)(3) provides that motions to suppress evidence must be raised before trial. These motions shall be raised within thirty-five days after arraignment or seven days before trial, whichever is earlier. Crim.R. 12(D).

**{¶37}** "A failure to file a motion to suppress evidence amounts to a waiver of any such issues for the purposes of trial pursuant to Crim.R. 12(D) and (H)." *State v. Bryson*, 5th Dist. Licking No. 16-CA-70, 2017-Ohio-830, 85 N.E.3d 1123, ¶10, citing *State v. Montgomery*, 5th Dist. Licking No. 2007 CA 95, 2008-Ohio-6077, ¶43 citing *State v. Wade*, 53 Ohio St.2d 182, 373 N.E.2d 1244 (1978), *vacated and remanded on other grounds*, 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157 (1978).

**{¶38}** In addition to not timely filing the motion to suppress, the record also indicates trial counsel never requested leave from the trial court to file the untimely motion to suppress or a continuance of the trial date. Appellant seems to argue the trial court erred by failing to extend the time for making pretrial motions under Crim.R. 12(D).

**{¶39}** As R.C. §2933.63 requires a party seeking the exclusion of evidence gathered in violation of R.C. §2933.52 under R.C. §2933.62(A) to file a motion to suppress in accordance with Crim.R. 12(C)(3) and Crim.R. 12(D). A failure to do so results in a waiver of such issue. *Bryson* at ¶10. Therefore, the trial court did not err in finding Appellant had waived the exclusion of evidence by failing to file a motion to suppress in accordance with Crim.R. 12(C)(3) and Crim.R. 12(D).

**{¶40}** Accordingly, Appellant's thirteenth Assignment of Error is overruled.

**XIV., XV.**

**{¶41}** In Appellant's fourteenth and fifteenth Assignments of Error, Appellant argues he was deprived of effective assistance of counsel for failing to timely move to suppress evidence against Appellant and by failing to preserve the *corpus delicti* argument for appeal. We disagree.

**{¶42}** Appellant's counsel on appeal is the same counsel which represented him at trial, and therefore, counsel is arguing his own ineffectiveness. Appellee raises the question as to the propriety of addressing this error on appeal.

**{¶43}** "Where a defendant is represented by the same counsel at trial and on direct appeal, the defendant cannot claim ineffective assistance of counsel on appeal." *State v. Beitzel*, 5th Dist. Tuscarawas No. 93AP050036, 1994 WL 313737; *State v. Jones*, 11th Dist. Ashtabula No 96-A-0009, 1996 WL 761230; *State v. Leahy*, 6th Dist. Fulton No F-00-011, 2000 WL 1867296. "The rationale for refusing to allow the raising of an ineffective assistance claim under such circumstances is that counsel cannot realistically be expected to argue his or her own ineffectiveness or incompetence." *State v. Tinch*, 84 Ohio App.3d 111, 126, 616 N.E.2d 529, 539 (12th Dist.1992). "The proper remedy in such an instance is a petition for post-conviction relief." *State v. Leahy*, 6th Dist. Fulton No F-00-011, 2000 WL 1867296, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Black*, 3rd Dist. Van Wert No. 15-20-07, 2021-Ohio-268, ¶3.

**{¶44}** Accordingly, Appellant's fourteenth and fifteenth Assignments of Error are overruled.

**VIII.**

{¶45} In Appellant's eighth Assignment of Error, Appellant argues he lacked notice upon the action which Count 11 was based. We disagree.

{¶46} Appellant appears to argue three issues specifically: (1) the grand jury indicted Appellant on a course of action different from that which the trial court convicted Appellant; (2) the grand jury's indictment on Count 11 was defective and did not provide Appellant adequate notice of the crime charged; and (3) Appellee failed to present Appellant a bill of particulars in violation of Crim.R. 7(E).

{¶47} Appellant first argues the trial court convicted Appellant upon an incident other than an incident upon which the grand jury indicted. Appellant does nothing more than "presume" this basis. Nothing in the record supports this as more than a self-serving assumption promoted by Appellant.

{¶48} Next, Appellant argues that Appellant lacked notice that he was charged with Gross Sexual Imposition in violation of R.C. §2907.05(A)(4) because Appellee mentioned Appellant forcing the two-year old victim to touch his penis in his opening statement, and the trial court convicted Appellant of Gross Sexual Imposition because Appellant touched her clitoris and rubbed her buttocks.

{¶49} "The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶7. " 'An indictment meets constitutional requirements if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or

conviction in bar of future prosecutions for the same offense.' " *Id.* at ¶9 quoting *State v. Childs*, 88 Ohio St.3d 558, 564-565, 728 N.E.2d 379 (2000), quoting *Hamling v. United States*, 418 U.S. 87, 117-118, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

**{¶50}** The indictment in this case set forth the elements of Gross Sexual Imposition under R.C. §2907.05.

**{¶51}** The indictment in the case *sub judice* tracks the language of R.C. 2907.05(A)(4), informs Appellant of the charge against which he must defend and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. The indictment in the case *sub judice* was not defective.

**{¶52}** Finally, Appellant argues Appellee did not comply with the Ohio Constitution, R.C. §2941.07, and Crim.R. 7(E) by failing to provide a bill of particulars when requested.

**{¶53}** As a preliminary matter, this Court ordered Appellant and Appellee to rebrief this issue in light of the Ohio Supreme Court's decision in *State v. Haynes*, 2022-Ohio-4473, *reconsideration denied*, 168 Ohio St.3d 1496, 2022-Ohio-4776, 200 N.E.3d 300.

**{¶54}** Appellant's brief attempts to expand the eighth Assignment of Error to include Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11. However, our order did not open up the appeal to additional assignments of error, only an application of *Hayne's* to Appellant's original eighth Assignment of Error. As such, we will only consider the original eighth Assignment of Error as it pertains to Count 11.

**{¶55}** Crim.R. 7(E) states:

> **Bill of Particulars**. When the defendant makes a written request
> within twenty-one days after arraignment but not later than seven days

before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charged and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires.

**{¶56}** The Supreme Court held in *Haynes* that "the state must provide a bill of particulars on a defendant's request, even when the prosecutor believes that the defendant is able to glean the nature and cause of the accusation against him from the discovery the state provided or from some other source. *Haynes* at ¶26. It is undisputed that Appellant requested a bill of particulars and the State failed to provide one.

**{¶57}** Crim.R. 52(A) defines harmless error as "[a]ny defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Before error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

**{¶58}** In the case *sub judice*, the indictment on Gross Sexual Imposition covered conduct on or near one day, July 6, 2021. R.C. §2907.05 states, in pertinent part:

> (A)    No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> * * *

(4)     The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

**{¶59}** Therefore, the indictment adequately puts Appellant on notice to sufficiently defend against the allegation and protect against future prosecution for the same alleged conduct. The indictment covers sexual contact occurring between him and the two-year old victim which occurred on or around July 6, 2021. Appellant confessed to forcing the two-year old victim to touch his penis, touching her clitoris, and rubbing her buttocks. Appellant could prepare his defense by arguing or presenting evidence that either no contact occurred or such contact was not sexual in nature. Given the specificity of the time frame in the indictment, the language in the indictment, and the statute, we find Appellant had sufficient notice to prepare a defense to charge. We therefore find that Appellee's failure to provide a bill of particulars upon request was harmless beyond a reasonable doubt.

**{¶60}** Appellant's eighth Assignment of Error is overruled.

### I., II., IV., V., VI., VII., XI.

**{¶61}** In Appellant's first, second, fourth, fifth, sixth, seventh, and eleventh Assignments of Error, Appellant argues his convictions for Counts One, Two, Three, Four, Five, Six, Seven, Nine, Ten, and Twelve were not supported by sufficient evidence. We disagree.

**{¶62}** Appellant first argues the trial court erred by overruling Appellant's objection to the introduction of Appellant's confession in violation of the *corpus delicti* rule.

**{¶63}** Additionally, Appellant argues that without Appellant's confession, the evidence was insufficient for conviction on Counts One, Two, Three, Four, Five, Six, Seven, Nine, Ten, and Twelve. Sufficiency of the evidence is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380. A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259.

**{¶64}** R.C. §2907.321(A) provides, in pertinent part: "[n]o person, with knowledge of the character of the material or performance involved, shall do anything of the following: (1) Create, reproduce, or publish any obscene material that has a minor or impaired person as one of its participants or portrayed observers[.]"

**{¶65}** R.C. §2907.323(A)(1) provides, in pertinent part: "[n]o person shall do any of the following: (1) Photograph any minor or impaired person who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor or impaired person in a state of nudity * * *[.]"

**{¶66}** R.C. §2907.02(A)(1) states, in pertinent part:

No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

* * *

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

**{¶67}** Appellant herein raises a *corpus delicti* challenge and argues that the only evidence presented at trial is video of Appellant placing the nude two-year old victim on a bed, moving his phone above her as if taking pictures, repositioning her on camera, walking into the room around the same time alone and naked, a nude photo of the two-year old victim found on Appellant's phone, and Appellant's confession.

**{¶68}** The *corpus delicti* rule was explained by the Ohio Supreme Court in *State v. Maranda*, 94 Ohio St. 364, 114 N.E.1038 (1916). In *Maranda*, the court stated:

By the '*corpus delicti*' of a crime is meant the body or substance of the crime, included in which are usually two elements: (1) the act; (2) the criminal agency of the act.

It has long been established as a general rule in Ohio that there must be some evidence of a confession, tending to establish the *corpus delicti*, before such confession is admissible. The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case. *Id.* at paragraphs one and two of the syllabus.

**{¶69}** In order to satisfy the *corpus delicti* rule, the prosecution must introduce evidence tending to prove the fact that a crime was committed, but that evidence need not be direct; instead, circumstantial evidence may be relied upon to show *corpus delicti*. *Id.* at 371, 114 N.E. 1038. Indeed, the burden upon the state to provide evidence of the *corpus delicti* is minimal. *State v. Edwards*, 49 Ohio St.2d 31, 36, 358 N.E.2d 1051 (1976).

**{¶70}** In the case *sub judice*, the record contains ample evidence to satisfy the *corpus delicti* rule. Specifically, having access to the child, a video of Appellant placing the nude two-year old victim on a bed, a video of Appellant moving his phone above her as if taking pictures, a video of Appellant touching her, a video of Appellant repositioning her on camera, a video of Appellant walking into the room around the same time alone and naked, and a nude photo of the two-year old victim found on Appellant's phone.

**{¶71}** Based on the foregoing, we find Appellant's convictions for Pandering Obscenity Involving a Minor or Impaired Person, Illegal Use of a Minor or Impaired Person in Nudity-Oriented Material or Performance, and Rape were not based upon insufficient evidence or in violation of the *corpus delicti* rule. Any rational trier of fact could have found all of the essential elements proven beyond a reasonable doubt.

**{¶72}** Accordingly, Appellant's first, second, fourth, fifth, sixth, seventh, and eleventh Assignments of Error are overruled.

**III.**

**{¶73}** In Appellant's third Assignment of Error, Appellant argues Exhibit 9 is not obscene, and convictions for Counts One, Two, Three and Four are based on insufficient evidence as photographs were not placed in evidence. We disagree.

**Exhibit 9**

**{¶74}** Appellant argues the nude photograph of the two-year old victim is not obscene.

**{¶75}** R.C. §2907.01(F) states:

When considered as a whole, and judged with reference to ordinary adults or, if it is designed for sexual deviates or other specially susceptible

group, judged with reference to that group, any material or performance is "obscene" if any of the following apply:

(1)     Its dominant appeal is to the prurient interest;

(2)     Its dominant tendency is to arouse lust by displaying or depicting sexual activity, masturbation, sexual excitement, or nudity in a way that tends to represent human beings as mere objects of sexual appetite;

(3)     Its dominant tendency is to arouse lust by displaying or depicting bestiality or extreme or bizarre violence, cruelty, or brutality;

(4)     Its dominant tendency is to appeal to scatological interest by displaying or depicting human bodily functions of elimination in a way that inspires disgust or revulsion in persons with ordinary sensibilities, without serving any genuine scientific, educational, sociological, moral, or artistic purpose;

(5)     It contains a series of displays or descriptions of sexual activity, masturbation, sexual excitement, nudity, bestiality, extreme or bizarre violence, cruelty, or brutality, or human bodily functions of elimination, the cumulative effect of which is a dominant tendency to appeal to prurient or scatological interest, when the appeal to such an interest is primarily for its own sake or for commercial exploitation, rather than primarily for a genuine scientific, educational, sociological, moral, or artistic purpose.

{¶76} In *Miller v. California*, 413 U.S. 15, 24-25, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the United States Supreme Court established a three-part test for regulation of obscenity. The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest * * *; (b) whether the work depicts or describes in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." *State v. Murphy*, 5th Dist. Delaware No. 20CAA010005, 2020-Ohio-4667, ¶38.

{¶77} "Sexual conduct" includes: "(a) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated; (b) patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals." *City of Urbana ex rel. Newlin v. Downing*, 43 Ohio St.3d 109, 115-16, 539 N.E.2d 140 (1986) citing *Miller, supra*, at 25. "Prurient interest" is defined as "not the same as a candid, normal, or healthy interest in sex, rather it is a shameful or morbid interest in nudity, sex, or excretion * * * [which] goes substantially beyond limits of candor in description or representation of such matters * * *." *Matter of M.W.*, 5th Dist. Licking No. 2018 CA 0021, 2018-Ohio-5227, ¶43, *appeal not allowed sub nom. In re M.W.*, 156 Ohio St.3d 1465, 2019-Ohio-2892, 126 N.E.3d 1165, citing *State v. Girard*, 9th Dist. Medina No. 02CA0057-M, 2003-Ohio-7178, f.n. 13.

{¶78} Exhibit 9 is a lewd exhibition of the two-year old victim's genitals focusing on her vaginal area. In addition, Appellant confessed to taking other photos of him spreading Appellant's vagina and buttocks and creating these photos for others. This

exhibit lacks serious literary, artistic, political, and scientific value. After viewing the photo, we find Appellant's argument that the photo was simply nude and not obscene to be unavailing.

{¶79} Upon our review of the entire record and exhibits, we find there is sufficient evidence that the photographs upon which Counts One, Two, Three, and Four are based to be obscene. Therefore, Appellant's convictions on Counts One, Two, Three, and Four are supported by sufficient evidence.

{¶80} Accordingly, Appellant's third Assignment of Error is overruled.

**XII.**

{¶81} In Appellant's twelfth Assignment of Error, Appellant argues his conviction for Rape is not supported by sufficient evidence. We disagree.

{¶82} Again, sufficiency of the evidence is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380. A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259.

{¶83} R.C. §2907.02(A)(1), in pertinent part, states:

No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following apply:

* * *

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

**{¶84}**  R.C. §2907.01(A) states:

>  "Sexual Conduct" means vaginal intercourse between a male and female, anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal intercourse.

**{¶85}**  The trial court held that Appellant's touching of the victim's clitoris does not constitute sexual conduct as he did not insert any part of his body into the vaginal opening. This Court previously held, "vaginal penetration is proved when any object is applied with sufficient force to cause the labia majora to spread." *State v. Patterson*, 5th Dist. Tuscarawas No. 2020 AP 12 0025, 2021-Ohio-2387, ¶24.

**{¶86}**  In 2006, the Ohio General Assembly amended R.C. §2907.01(A), which previously read:

>  "Sexual Conduct" means vaginal intercourse between a male and female, anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal intercourse.

**{¶87}**  Prior to the 2006 amendment, most appellate courts found the spreading of the labia majora to constitute sexual conduct; however, in *State v. Gilbert*, 10th Dist.

Franklin No. 04AP-933, 2005-Ohio-5536, ¶37, the Tenth District Court of Appeals, noted an incongruity in this reasoning:

> [D]espite the abundance of case law, both precedential and advisory, we are concerned. As it stands now, touching a single labia on the side away from the vaginal cavity is sexual contact, touching the opposite side would be sexual conduct. That seems a bit esoteric and is a clear example of "hard facts making bad law." Nevertheless, we will not reverse, based on the existing case law from this district and the state.

**{¶88}** Appellant makes the argument that the Tenth District's finding in *Gilbert* clearly lead the General Assembly to amend R.C. §2907.01(A) to narrow the definition of sexual conduct. To support their argument, Appellant cites to Dr. Huber's testimony that the vaginal opening need not be penetrated to reach the clitoris. However, it is clear that Dr. Huber's testimony was providing a medical definition for vaginal opening and not a legal one. "[L]egally, the vagina begins at the external genitalia, not some deeper internal structure." *State v. Artis*, 6th Dist. Lucas No. L-19-1267, 2021-Ohio-2965, ¶97, *appeal not allowed*, 165 Ohio St.3d 1494, 2021-Ohio-4515, 178 N.E.3d 528, ¶97.

**{¶89}** Accordingly, we agree with this Court's finding in *Patterson*. "Courts have consistently held that vaginal penetration is proved when any object is applied with sufficient force to cause the labia majora to spread." *Patterson* at ¶24.

**{¶90}** In the case *sub judice*, Appellant confessed to touch the two-year-old victim's clitoris, requiring a spreading of the labia majora. As such, viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Appellant committed the crime of rape.

**{¶91}** Appellant's twelfth Assignment of Error is overruled.

**IX.**

**{¶92}** In Appellant's ninth Assignment of Error, Appellant argues his conviction for Gross Sexual Imposition is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

**{¶93}** Sufficiency of the evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins*, 78 Ohio St.3d 380. Again, sufficiency of the evidence is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259.

**{¶94}** In contrast to the sufficiency of evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380.

**{¶95}** Under a weight of the evidence argument, the appellate court will consider the same evidence as when analyzing Appellant's sufficiency of evidence argument. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the convictions." *Id.*

**{¶96}** It is well settled that the State may rely on circumstantial evidence to prove an essential element of an offense, because "circumstantial evidence and direct evidence inherently possess the same probative value[.]" *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 at paragraph one of the syllabus. " 'Circumstantial evidence' is the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably flow according to the common experience of mankind." *State v. Duganitz* (1991), 76 Ohio App.3d 363, 601 N.E.2d 642, quoting Black's Law Dictionary (5 Ed.1979) 221. "Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury [fact finder] is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492.

**{¶97}** Again, R.C. §2907.05 states, in pertinent part:

(A)     No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

* * *

(4)     The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

**{¶98}** R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or,

if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶99} Appellant argues the evidence is insufficient as it does not show Appellant touched the child for sexually arousing or gratifying either he or his two-year-old victim. Appellant continues that though he touched the victim he did not do so in a sexual way. He denied getting sexual pleasure from the photographs he took. We disagree.

{¶100} Even though Appellant made self-serving statements on his conduct and whether or not he received sexual pleasure from photographs he took, there is ample other evidence to show the contrary. A video shows Appellant hovering his phone over the two-year-old victim as if taking photographs, he possessed a nude photograph of the victim on his phone, he confessed to rubbing the victim's buttocks, touching the victim's clitoris, and forcing the victim to touch his penis.

{¶101} Viewing the evidence and inferences reasonably drawn therefrom in the light most favorable to Appellee, we conclude any rational trier of fact could have found all essential elements of Gross Sexual Imposition, including that Appellant acted for the purpose of sexually arousing or gratifying himself or his victim beyond a reasonable doubt.

{¶102} The record is devoid of any evidence the trial court lost its way in resolving conflicts in the evidence, and Appellee's evidence supports the guilty verdicts of the trial court.

{¶103} Appellant's ninth Assignment of Error is overruled.

**X.**

{¶104} In Appellant's tenth Assignment of Error Appellant argues the charges of Rape and Gross Sexual Imposition should merge. We disagree.

{¶105} The trial court found Appellant guilty of Rape in violation of R.C. §2907.02(A) which states, in pertinent part:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following apply:
>
> * * *
>
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶106} The trial court also found Appellant guilty of Gross Sexual Imposition in violation of R.C. §2907.05(A)(4) which states, in pertinent part:

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> * * *
>
> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶107} Appellant argues the trial court erred in not merging the two convictions in violation of R.C. §2941.25, which states the following:

(A)     Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B)     Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶108} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held:

1.     In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors – the conduct, the animus, and the import.

2.     Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3.     Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

**{¶109}** In paragraph 26 of the opinion, the *Ruff* court stated:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable. *Id.*

**{¶110}** "Gross sexual imposition and rape may, depending on the circumstances, be allied offenses of similar import. For instance, it is well established that gross sexual imposition is a lesser included offense of rape. * * * Accordingly, under R.C. 2941.25, a defendant may generally not be convicted of and sentenced for both gross sexual imposition and rape when they arise out of the same conduct." *State v. St. John*, 11th Dist. Lake No. 2015-L-133, 2017-Ohio-4043, ¶18, citing *State v. Hay*, 3d Dist. Union No. 14-2000-24, 2000-ohio-1938, 2000 WL 1852725, *3 (Dec. 19, 2000).

**{¶111}** Offenses that occur close in time and proximity may still "involve separate conduct for purposes of an allied offense analysis." *State v. Black*, 8th Dist. No. 102586,

2016-Ohio-383, 58 N.E.3d 561, ¶27, *discretionary appeal not allowed*, *State v. Black*, 145 Ohio St.3d 1461, 2016-Ohio-2807, 49 N.E.3d 322.

**{¶112}** In *State v. Victor*, 11th Dist. Ashtabula No. 2021-A-0046, 2022-Ohio-4159, ¶40, the defendant was charged with multiple incidents/acts of touching the victim. He was convicted, and the 11th District Court of Appeals upheld the conviction as they were different acts.

**{¶113}** In the case *sub judice*, Appellant argues that if the Rape and Gross Sexual Imposition charge both stem from Appellant touching the two-year-old victim's clitoris then these charges should merge. However, Appellant also confessed to touching the two-year-old victim's buttocks and forcing the two-year-old victim to touch his penis. These are separate acts performed for different reasons from the Rape charge and as such, the trial court did not err when failing to merge the Rape and Gross Sexual Imposition charges.

**{¶114}** Appellant's tenth Assignment of Error is overruled.

**{¶115}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.


By: Wise, J.
Gwin, P. J., and
Delaney, J., concur.


JWW/br 1003